UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

HADLEY CLAIM 1, LLC,
as assignee of STEPHEN B. HADLEY,

    Plaintiff,

v.                                            Case No. 13-C-1162

UNITED SOLUTIONS AND SERVICES LLC,
CAPE FOX CORPORATION,
WILLIAM K. WALKER,

    Defendants.

ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO
DISMISS AND REQUIRING PLAINTIFF TO SUPPLEMENT FILINGS REGARDING
SUBJECT MATTER JURISDICTION WITHIN 21 DAYS

Before this case may proceed, the court must ensure that it has subject matter jurisdiction. The verified complaint alleges that plaintiff Hadley Claim 1, LLC, is a limited liability company with a principal place of business in Illinois, and that Stephen B. Hadley is a resident and citizen of Delaware who assigned his "rights and interest in this cause of action to Hadley Claim for valuable consideration." (Doc. 1 at ¶¶ 1-3.) The complaint does not allege the citizenship of plaintiff's members or the members of defendant United Solutions and Services LLC other than to state that Hadley "never transferred his membership interest in United." (*Id.* at ¶¶ 7, 56.)

Defendant moved to dismiss the complaint citing lack of personal jurisdiction, but simultaneously conceded that complete diversity exists between the parties. (Doc. 6 at pp. 3-4.) Because jurisdiction cannot be conferred by the consent of the parties, the court raised the issue of subject matter jurisdiction sua sponte at the time of the scheduling conference. (Doc. 17.) For the reasons set forth below, the court will deny without

prejudice defendants' motion to dismiss for lack of subject matter jurisdiction but require plaintiff to supplement the record regarding subject matter jurisdiction within 21 days.

For years, the Seventh Circuit of Appeals has emphasized the need to assert properly the jurisdiction of limited liability companies and the need for counsel to do the research necessary to make such assertions. A party's "naked declaration that there is diversity of citizenship is never sufficient," *Thomas v. Guardsmark, LLC*, 487 F.3d 531 (7th Cir. 2007). In *Belleville Catering Co. v. Champaign Mkt. Place, LLC,* 350 F.3d 691, 692-93 (7th Cir. 2003), Circuit Judge Frank Easterbrook chastised an attorney who filed a complaint alleging that the plaintiff was incorporated in Missouri when the entity was incorporated in Illinois. Defense counsel in *Belleville* had agreed with the plaintiff's jurisdictional statement and had treated its LLC's citizenship like a corporation's. *Id.* Judge Easterbrook commented that "[i]t is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary." *Id.* at 693.

In the case at bar, the verified complaint failed to plead jurisdiction sufficiently and ignored Civil Local Rule 8 of the Eastern District of Wisconsin, which requires that any party pleading jurisdiction based on diversity must identify the citizenship of the members of the LLC. Moreover, Seventh Circuit case law requires that parties identify the citizenship of an LLC's members and, if those members have members, the citizenship of those members as well. *Thomas*, 487 F.3d at 534. Additionally, by filing their pleadings and other responsive documents with the court, the attorneys have certified that to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the claims or other legal contentions are warranted by existing law. Fed. R. Civ. P. 11(b).

The parties' statements during the August 5, 2014, scheduling conference were troubling to this court. First, when asked about the citizenship of plaintiff's members, counsel stated that he believed that Stephen Hadley was a member of plaintiff Hadley Claim 1, LLC. Second, defendants' counsel admitted that he did not know the members of defendant United Solutions and Services, LLC, but believed that Stephen Hadley had an ownership in United Solutions and Services, LLC. Dismissal would have been proper at that time because the parties had failed to comply with the applicable rules and it appeared that Stephen Hadley was a member of the plaintiff and the defendant LLCs. Nevertheless, the court gave the parties additional time to consider the matter and ordered the parties to submit briefs as to why this case should not dismissed for lack of subject matter jurisdiction.

Defendants' second motion to dismiss asserts that Stephen B. Hadley, assignor of the claim conveyed to plaintiff, Hadley Claim 1, and United Solutions and Services, LLC, are citizens of Delaware. However, defendants contend, without any citation to legal authority, that an assignee is prevented from bringing an action in federal court where the assignor could not have brought the actions because one of the defendants possesses the same citizenship.

Meanwhile, plaintiff maintains that Hadley Claim 1, LLC, is a limited liability company with two members: a Pennsylvania corporation and a limited liability company that is a citizen of Illinois. According to plaintiff, Stephen Hadley sold and assigned his interest in the claims that are the subject matter of this suit prior to the commencement of this action. The actual assignment between Stephen B. Hadley and Hadley Claim 1, LLC, has not been filed in this case.

The affidavits of Attorneys Michael S. Pomerantz and Glenn Udell, counsel for plaintiff, state that Hadley Claim 1, LLC, is a limited liability company and that Stephen Hadley is not a member of Hadley Claim 1, LLC. Both attorneys aver that the members of Hadley Claim 1, LLC, are (1) Hampton Financial Services, Inc. and (2) 1332 Proper LLC. Hampton Financial Services, Inc., is a citizen of Pennsylvania, and 1332 Proper LLC is a limited liability company organized in the state of Illinois. According to Pomerantz and Udell "all of the members of 1332 Proper LLC are either individuals that are citizens of the state of Illinois, or limited liability companies that are owned entirely by individual citizens of Illinois or other entities whose ultimate members are citizens of Illinois." (Pomerantz Aff. ¶ 5; Udell Aff. ¶ 7.)

Although plaintiff's submissions address the court's initial concern regarding whether Stephen Hadley was a member of Hadley Claim 1, LLC, there are additional concerns regarding the assignment and the membership of the "other entities" in 1332 Proper LLC. The court will deny defendants' motion without prejudice contingent upon plaintiff providing the requisite documentation within 21 days. The plaintiff has failed to identify in this record, the identities of each person who is a member of each LLC or entity with a cognizable interest in the plaintiff's claim in this action. The court believes that the plaintiff should have this information and that the defendants are entitled to see it immediately.

At this time, there is no basis to grant plaintiff's request for a protective order regarding the assignment of claims between Stephen B. Hadley and Hadley Claim I, LLC, or the identify of the members of 1332 Proper LLC, because plaintiff has not specified any harm that would flow from the disclosure of this information. By filing the verified complaint in this district, the members of Hadley Claim 1, LLC, have availed themselves of the

opportunity to proceed in a court that is open to the public. Absent any basis for concealing the assignment or disclosing the identities of the members of 1332 Proper LLC from the public, a protective order lacks support. Now, therefore,

IT IS ORDERED that defendants' motion to dismiss is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff shall within 21 days file a copy of the assignment at issue and identify each of the members in the membership chain of Hadley Claim 1 and 1332 Proper LLC. Failure to timely comply with this order will result in the dismissal of this lawsuit.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE